**Violet C. Rabaya, Esq., State Bar No. 069301**
LAW OFFICES OF VIOLET C. RABAYA
Century Park Plaza, 24th Floor
1801 Century Park East
Los Angeles, CA 90067-2326
(310) 203-8842 / (310) 203-8811 fax

Attorneys for Plaintiff
CALVIN NEWBURN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CALVIN NEWBURN,

        Plaintiff,

vs.

COUNTY OF LOS ANGELES, a public entity;
LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT, a public entity; Los Angeles
County Sheriff LEE BACA, Sheriff of defendant
county; Sheriff's Deputy JESUS URRUTIA,
Badge # 439139, individually and as a sheriff's
deputy; Sheriff's Deputy MARK PEREZ, Badge
# 432986, individually and as a sheriff's deputy;
Sheriff's Deputy SGT. CHARLES
CALDERARO, Badge # unknown, individually
and as a sheriff's deputy; Sheriff's Deputy SGT.
P. HAYES, Badge # 274568, individually and as
a sheriff's deputy; Sheriff's Deputy DAN
LECHT, Badge # unknown, individually and as
a sheriff's deputy; Sheriff's Detective WHITE,
Badge # 453035, individually and as a sheriff's
deputy; Sheriff's Deputy (NAME UNKNOWN)
Badge # 457376, individually and as a sheriff's
deputy; DOES 1-10, inclusive,

        Defendants.

**CASE NO. CV13-5566** (BM/VBKx)

**FIRST AMENDED COMPLAINT
FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS**

**(42 U.S.C. §§1981, 1983, 1985,
1986, 1988)**

**(DEMAND FOR JURY TRIAL)**

Plaintiff, CALVIN NEWBURN, alleges as follows:

**Federal Court Jurisdiction**

1.     This is an action at law and in equity seeking damages brought under Title 42 U.S.C. §§1981, 1983, 1985, 1986 and 1988, to redress a deprivation under color of state law, by Defendants, of rights, privileges and immunities guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

The jurisdiction of this Court is invoked under Title 28 U.S.C. §1343(a), this being an action authorized by law to redress the deprivation under color of state law, statute, ordinance, regulation, custom, usage of a right, privilege or immunity secured by Plaintiff by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

The jurisdiction of this court is also invoked pursuant to Title 28 U.S.C. §1331 (federal question). Venue lies in the Central District of California, the judicial district in which the claims arose, pursuant to Title 28 U.S.C. §1391(b).

**Supplemental Jurisdiction**

2.     Supplemental Jurisdiction is invoked herein under Title 28 U.S.C. §1367 as to other Causes of Action herein, based on California law, each of which arose and occurred in the same incident or incidents that gave rise to the within federal claims.

3.     The events, acts and omissions of the named individual defendant police officers herein complained of first occurred on or about June 27, 2011, in the County of Los Angeles. Thereafter, the acts and omissions of all Defendants continued against Plaintiff, for whom criminal prosecution was sought, and for whom deprivation of civil liberties is ongoing.

**Compliance with Tort Claims Act**

4.     The Plaintiff herein, on January 28, 2013, presented and caused to be presented a claim for damages to the COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and to the Clerk or representative thereof, pursuant to and in substantial compliance with the California Tort Claims Act, Government Code section 910 et seq., based on the

same incidents, acts, omissions, injuries, and damages herein complained of.  Said government claim was denied by the County of Los Angeles Office of County Counsel in two separate notices, on or about February 6, 2103 and on or about March 19, 2013, respectively.

### Civil Action Prohibition During Pending Criminal Proceedings and
### Tolling of Statute of  Limitations

5.      From the period beginning on or about June 27, 2011, through February 16, 2012, Plaintiff was held without bail.  Preliminary hearing was held on or about March 9, 2012.  Thereafter, on or about March 26, 2012, Plaintiff was arraigned in Torrance Superior Court.

6.      On September 7, 2012, all charges against Plaintiff were dismissed pursuant to California Penal Code §1385.

7.      By virtue of the criminal charges pending against Plaintiff from June 27, 2011 through and including September 7, 2012, Plaintiff was precluded from filing a civil action against Defendants, pursuant to California Government Code §945.3.  Section 945.3 expressly provides that the statute of limitations for filing and prosecuting the within civil action be tolled during the period that criminal charges are pending before the state court.

### PARTIES

8.      At all times herein mentioned, Plaintiff, CALVIN NEWBURN, was and is now a citizen and resident of the County of Los Angeles, State of California, and the United States of America.  Plaintiff is an African-American male.

9.      The true names of DOES 1 through 10, inclusive, and each of them, is now unknown to Plaintiff who therefore sues each said Defendant by such fictitious name; but upon ascertaining the true identity of a Doe defendant, Plaintiff will amend his complaint, or seek leave to do so, by inserting same in lieu of such fictitious name.

10.      At all times herein mentioned Defendant, COUNTY OF LOS ANGELES, was and is now a unit of local government or political subdivision of the State of California, duly organized and existing as such under the laws of and within the State of California.  As part of its governing

function, and pursuant to enabling provisions under the California Government Code, the County employs persons responsible for law enforcement and the investigation and prosecution of public offenses.

11.     At all times herein mentioned Defendant, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, was and is now a department of Defendant, COUNTY OF LOS ANGELES, authorized to perform police functions for the protection of its citizens and the general public of and in said county, and existing as such under the laws of and within the State of California.

12.     At all times herein mentioned Defendants, Sheriff's Deputy JESUS URRUTIA, Badge # 439139; Sheriff's Deputy MARK PEREZ, Badge # 432986; Sheriff's Deputy SGT. CHARLES CALDERARO, Badge # unknown; Sheriff's Deputy Sgt. P. HAYES, Badge # 274568; Sheriff's Deputy DAN LECHT, Badge # unknown; Sheriff's Deputy (NAME UNKNOWN), Badge # 457376; and, Detective WHITE, Badge # 453035; and DOES 1-10, inclusive, were at all times herein mentioned each duly appointed, qualified and acting Sheriff's Deputies, employed as such by Defendant, COUNTY OF LOS ANGELES; and at all times herein mentioned each said Defendant was acting in the course and scope of such employment and under color of law, and was, at least in part, serving a purpose of his own in carrying out the conduct hereinafter alleged.

13.     At all times herein mentioned Defendant, LEE BACA, was duly appointed, qualified and acting County Sheriff, employed as such by Defendant, COUNTY OF LOS ANGELES; and at all times herein mentioned said Defendant was acting within the course and scope of such employment and under color of state law; and in such capacity said Defendant at all times herein mentioned was and now is the Sheriff of the County of Los Angeles, responsible for, among other things, the training, supervision, control, assignment and discipline of all sworn personnel of said Department; and for the formulation, promulgation, adoption, application, administration and enforcement of all policies, rules, regulations, training bulletins, guidelines, practices, customs and usages of the Los Angeles County Sheriff's Department.

//

//

//

First Amended Complaint for Damages (Civil Rights)

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14.  The events, acts and omissions herein complained of precipitated or occurred on or about June 27, 2011, at 1136-1/2 West 106th Street, Los Angeles, California, in the County of Los Angeles, extended throughout the criminal prosecution of Plaintiff from on or about June 27, 2011 through September 7, 2012, and are continuing.

15.  The matter in controversy, exclusive of interest and costs, is in excess of One Hundred Thousand Dollars ($100,000).

16.  At all times pertinent to this Complaint, the Defendants acted under color of their official capacities; further, these Defendants acted separately and in concert, under color of the statutes, ordinances, regulations, customs, and usages of the State of California and the County of Los Angeles, as well as for their own individual purposes.

17.  At all times pertinent to this Complaint, the Defendants separately and in concert executed the policies and customs established by directive and/or practice, by Defendant, COUNTY OF LOS ANGELES, or officials empowered by law to make or express policy for Defendant, COUNTY OF LOS ANGELES; further, Defendant, COUNTY OF LOS ANGELES and those officials empowered by law to make or express policy for Defendant, COUNTY OF LOS ANGELES, have, by words, action and/or inaction caused and/or ratified the unlawful acts of the individual Defendants, including but not limited to a failure to adequately train and/or discipline the individual Defendants, and a failure to prevent future misconduct and harm, of which said policy makers knew or reasonably should have known.

18.  The Defendants, separately and in concert, conspired to engage and engaged in the illegal conduct here mentioned, to the injury of Plaintiff of the rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and the laws of the United States.  One or more of said Defendants acted in furtherance of said conspiracy.

19.  The Defendants, separately and in concert, conspired to engage and engaged in the illegal conduct here mentioned, to the injury of Plaintiff of the rights, privileges and immunities secured to Plaintiffs by the Constitution and laws of the State of California, thereby denying Plaintiff

the equal protection of the laws of the State of California, a right secured to Plaintiff by the Fourteenth Amendment to the Constitution of the United States.  One or more of said Defendants acted in furtherance of said conspiracy.

20.   The Defendants, and each of them, knew or should have known that the wrongs here mentioned were about to be committed, and further had the power to prevent or aid in preventing the commission of the same.  Despite this, said Defendants refused and/or failed to prevent or aid in preventing the commission of said wrongs, and said wrongs were in fact committed, denying Plaintiff his rights secured under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution.

21.   The herein described acts and omissions of Defendants, and each of them, were done by each said Defendant either knowingly and intentionally, or with gross and recklessness disregard of Plaintiff's civil rights, or maliciously for the purpose of vexing, annoying, harassing, injuring, and oppressing Plaintiff, thus depriving Plaintiff of his civil rights; and by reason thereof, Plaintiff claims exemplary and punitive damages from each individual Defendant (except Defendant COUNTY OF LOS ANGELES) in an amount sufficient to deter and to make an example of those Defendants.

## **FIRST CAUSE OF ACTION**

### **(Claims For Violation of Federal Civil Rights)**

22.   Paragraphs 1 through 21, inclusive of this Complaint, are hereby repeated, re-alleged, and incorporated by reference, as though fully set forth herein.

23.   On or about June 27, 2011, beginning at 1136-1/2 West 106th Street, Los Angeles, California, and continuing at other locations described herein below, in the County of Los Angeles, each of the Defendants named in paragraph 12 of this Complaint, while acting under color of state law, as well as in part acting for their own individual purposes, knowingly and intentionally conspired and agreed to, and pursuant thereto, did each deprive Plaintiff of rights secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution; and pursuant to said conspiracy and agreement, each said Defendant, while acting under color of law, as well as in part

acting for their own individual purposes, did each knowingly and intentionally, and without a warrant or lawful process, forcibly and violently enter upon and in the premises where this Plaintiff was a guest at 1136-1/2 West 106th Street (hereafter "106th Street"), and thereafter at two other subsequent residential locations.  Each said Defendant, in concert with the other, did thereupon forcibly and violently disrupt and interfere with, and did each cause and permit the forcible and violent disruption and interference with Plaintiff's peace and quiet, and, without a warrant, lawful process, probable cause, provocation, necessity or lawful authority, did proceed to conduct a search of each said premises.  While at the 106th Street address, Defendants JESUS URRUTIA ("URRUTIA") and MARK PEREZ ("PEREZ') forcibly entered the residence purportedly to search for an individual named "Adrian Lester".  These two defendant officers knocked on the door of this residence where Delores Harden lived and where Plaintiff was visiting that evening.  At the front door, the deputies asked Ms. Harden whether she knew any "Adrian Lester", and she replied that she did not.  Deputy URRUTIA then suddenly forced the door open and began questioning Plaintiff who was standing behind Ms. Harden in the living room.  Deputies URRUTIA and PEREZ then forcibly pulled Plaintiff out of the residence and onto the porch where his person was searched.  While still on the porch, the deputies questioned Plaintiff regarding his parole status, and regarding the possible presence of any weapons.  Plaintiff told the deputies that he was on parole and provided them with his current address and California Driver's License ("CDL").  Plaintiff further told said Defendants that he was unaware of the presence of any weapons in the Harden premises and that they could check with his parole officer to confirm his current address.  The deputies took Plaintiff's CDL and wallet, which contained his parole officer's card, and also confiscated car keys in his possession.  Plaintiff was then immediately detained and placed in back of a patrol vehicle.  While detained in the patrol vehicle, the deputies searched the Harden residence and found nothing.  Nonetheless, Defendants URRUTIA and PEREZ called for backup.  While still at the 106th Street address, Plaintiff is informed and believes and thereon alleges that Defendants ran his name and CDL, which showed his correct address at 3838 W. 119th Street in Hawthorne, California.  However, Defendants URRUTIA and PEREZ purposely did conduct a "parole compliance check" to confirm Plaintiff's current address from Plaintiff's parole officer.  Intent on finding something

for which to arrest Plaintiff, the deputies went to the vehicle Plaintiff was driving and had parked outside, opened it with the keys they had taken from him, and without permission or probable cause, searched the vehicle and ran the license plate. Upon learning that the vehicle was registered to another individual, URRUTIA, PEREZ and other deputies named in Paragraph 12 of this Complaint, went to the address of the person to whom the vehicle was registered, and proceeded to conduct a search of that premises. When they were unable to find anything that would justify the continuing detention of Plaintiff, the deputies present, including Defendant Sgt. CALDERARO, forced the occupant of this premises to disclose to them the location where they could find the registered owner of the vehicle. The deputies and supervising deputy Sgt. CALDERARO then proceeded to that location, and conducted another search without legal cause. This search revealed the presence of a firearm, which belonged to the ex-boyfriend of the registered owner of the vehicle. This firearm did not belong to Plaintiff and was never in his possession at any time. Notwithstanding these facts, Plaintiff was arrested, was booked at the Lennox Station, and was falsely charged with a violation of California Penal Code §12021 (a) [Possession of a Firearm by a Felon]. At the Lennox Station, Plaintiff was interrogated further, including by Defendant Detective WHITE, and was then transported to the Los Angeles County Jail.

24.    During the period from June 27, 2011 through February 16, 2012, Plaintiff was falsely imprisoned. He was unable to post bail because of a "parole hold" until about the first week of February 2012, when the hold was released. Plaintiff's bail was then set at One Hundred Thousand Dollars ($100,000). On or about February 15, 2012, Plaintiff was finally able to post bail and was thereafter released from custody.

25.    On or about March 9, 2012, a preliminary hearing was conducted and Plaintiff was held to answer. He was arraigned on or about March 26, 2012 in the Torrance Superior Court for the County of Los Angeles.

26.    On or about September 7, 2012, following a successful *Pitchess* motion, the false charge and all enhancements against Plaintiff were dismissed pursuant to California Penal Code §1385. Said dismissal was based on lack of evidence and proof, and not on witnesses.

//

- 8 -

First Amended Complaint for Damages (Civil Rights)

27.   Because of Plaintiff's wrongful arrest, incarceration, and malicious prosecution, Plaintiff has been continued on parole through the date of filing this action.  Plaintiff has been informed by his parole officer that his parole status will continue until at least December 20, 2013. On or about June 21, 2011, just six days before Plaintiff's false arrest and imprisonment, Plaintiff's parole officer had submitted documents requesting Plaintiff's release from parole due to his exemplary behavior while on parole.  Thus, the extension of Plaintiff's parole status, including the deprivation of civil rights connected thereto, were directly and proximately caused by the unlawful conduct and conspiracies to act complained of herein.

28.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knew the identity of Plaintiff at or near the time of their initial encounter with him on or about June 27, 2011, and knew that from in or about 1999 through 2002, Plaintiff had been involved in a prior civil rights litigation against the Los Angeles County Sheriff's Department and deputy and supervising officers of the Lennox Station, styled ***Newburn v. County of Los Angeles, et al.,*** U. S. District Court Case No. 99-10085 CM (JWJx).  Defendants knew that Plaintiff was successful in overturning his prior false arrest, imprisonment and malicious prosecution in that action, resulting in an award of damages against the County of Los Angeles, and the implementation of new administrative policies and protocols relating to surveillance practices by the Los Angeles County Sheriff's Department that were enacted in or about October 2002 based on Plaintiff's prior litigation. Based on this background and Defendants' identification of Plaintiff as the person who was involved in the prior litigation against the County of Los Angeles, Los Angeles County Sheriff's Department, Sheriff Lee Baca, and other sheriff's deputies of the Lennox Station, Plaintiff believes that the Defendants, and each of them, conspired to retaliate against Plaintiff by committing the acts and omissions described in this Complaint.

29.   In being deprived of his personal freedom and liberty for a period of approximately eight (8) months, in being prosecuted for crimes he did not commit, and in being presently subject to search and seizure without a warrant while under parole, the harm suffered by Plaintiff was and is continuous in nature.  The acts and omissions of Defendants, and each of them, were all part of defendants' continuous acts of maliciously prosecuting and continuously prosecuting Plaintiff for

crimes for which all defendants had an actual and honest belief that Plaintiff did not commit. This continuous deprivation of Plaintiff's civil rights was manifested in innumerable acts and omissions of all defendants, and these unlawful, discriminatory, retaliatory and unconstitutional acts continued until September 7, 2012, when said criminal charges against Plaintiff were dismissed, and are continuing to this date because of the extension of Plaintiff's parole status. For these reasons, the continuing harmed suffered by Plaintiff as a result of the malicious and unconstitutional acts of Defendants, and each of them, did not cease until at least September 7, 2012, when the criminal charges against Plaintiff were dismissed, and, due to Plaintiff's existing parole status as described in paragraph 27 above, in actuality, have yet to cease.

30.   Plaintiff is informed and believes and thereon alleges that Defendants, Sheriff's Deputy JESUS URRUTIA, Badge # 439139; Sheriff's Deputy MARK PEREZ, Badge # 432986; Sheriff's Deputy Sgt. CHARLES CALDERARO, Badge # unknown; Sheriff's Deputy Sgt. P. HAYES, Badge # 274568; Sheriff's Deputy DAN LECHT, Badge # unknown; Sheriff's Deputy (NAME UNKNOWN), Badge # 457376; and, Sheriff's Detective WHITE, Badge # 453035; and DOES 1-40, inclusive, while acting under color of state law, as well as in part acting for their own individual purposes, and without a warrant or lawful process or probable cause, did each detain, arrest and imprison Plaintiff, and did each cause and permit his detention, arrest and imprisonment, and cause Plaintiff to be falsely charged with and maliciously prosecuted for a crime or crimes which he did not commit, all to Plaintiff's damage in an amount to be proved at trial. Further, such acts and omissions by Defendants, and each of them, have caused Plaintiff to incur legal expenses for his criminal defense, expenses to post bail, and other costs associated with his unlawful arrest, false imprisonment, malicious prosecution, and continuing parole status.

31.   Summarily, Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, acting under color of state law, willfully, intentionally, knowingly and in concert with each other deprived Plaintiff of rights, privileges and immunities secured by the Constitution and laws of the United States, including the Fourth and Fourteenth Amendments, by, *inter alia*:

(a)   Seizing and arresting Plaintiff in a terroristic, verbally abusive and otherwise unreasonable manner without lawful cause;

(b)    Willfully fabricating facts to support the false charges leveled against Plaintiff, thereby causing Plaintiff's incarceration and imprisonment for almost eight (8) months; malicious prosecution for more than fourteen (14) months; and continuing parole status to the present date;

(c)    Perjuring themselves on the witness stand, which required Plaintiff to answer for the false charges against him;

(d)    Intentionally withholding exculpatory evidence leading to Plaintiff's wrongful arrest, false imprisonment and malicious prosecution;

(e)    Failing to conduct a proper investigation to obtain information that might demonstrate Plaintiff's innocence;

(f)    Deliberately, knowingly and/or negligently failing to come to Plaintiff's aid and assistance, in contravention of rules and regulations applicable to on-duty law enforcement officers;

(g)    Combining and conspiring to deprive Plaintiff of his constitutionally protected rights;

(h)    Denying Plaintiff due process of law; and,

(I)    Implementing, maintaining and tolerating policies, practices and customs which resulted in the illegal actions and proximately caused Plaintiff's injuries and damages, as hereinabove alleged.

32.    Plaintiff is informed and believes and thereon alleges that the actions of the Los Angeles County Sheriff's Department constitute:

(a)    False arrest and detention;

(b)    False imprisonment;

(c)    Malicious prosecution;

(d)    Retaliatory prosecution;

(e)    Malicious abuse of process;

(f)    Arrest and prosecution without probable cause;

(g)    Deprivation of Procedural Due Process;

(h)    Deprivation of Substantive Due Process;

(I)    Deprivation of Equal Protection under the law;

(j)    Illegal search and seizure;

(k)    Invasion of Constitutional right to privacy;

(l)    Negligent hiring, retention, training and supervision of Deputy Sheriffs;

(m)    Violation of Plaintiff's Constitutional rights under the Fourth, Fifth, Sixth and Fourteenth amendments, violation of 42 U.S.C. §§1981, 1983, 1985, 1986 and 1988, and conspiracy to deny these Constitutional rights; and,

(n)    Harassment, discrimination and deprivation of Civil Rights on the basis of race.

## SECOND CAUSE OF ACTION

### 42 U.S.C. §1981

33.    Paragraphs 1 through 32, inclusive of this Complaint are hereby repeated, re-alleged and incorporated by this reference as though fully set forth herein.

34.    By committing the acts and omissions set forth in this Complaint, Defendants deliberately or recklessly denied Plaintiff equal benefit of all laws and proceedings for the security of his person and property, as is enjoyed by white citizens, all to Plaintiff's damage, as hereinabove and hereinafter alleged.

## THIRD CAUSE OF ACTION

### 42 U.S.C. §1985(3)

35.    Paragraphs 1 through 34, inclusive of this Complaint are hereby repeated, re-alleged and incorporated by this reference as though fully set forth herein.

36.    Defendants, and two or more of them, conspired for the purpose of:

(a)    Depriving Plaintiff of equal protection of the law;

(b)    Depriving Plaintiff of due process of law; and,

(c)    Hindering the constituted authorities from giving or securing equal protection and due process of law to all persons, all to Plaintiff's damage as hereinabove and hereinafter alleged.

//

//

First Amended Complaint for Damages (Civil Rights)

**FOURTH CAUSE OF ACTION**

**42 U.S.C. §1986**

37.     Paragraphs 1 through 36, inclusive of this Complaint are hereby repeated, re-alleged and incorporated by this reference as though fully set forth herein.

38.     This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of right, privilege and immunity secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution by virtue of the conduct of defendants, and each of them, and their conspiracy to violate Plaintiff's rights and privileges to the aforesaid constitutional provisions.

39.     Defendants, and each of them, had knowledge that one of more of the wrongs conspired to be done, described in this Complaint hereinabove, were about to be committed.

40.     Defendants, and each of them, had the power to prevent or aid in preventing the commission of said wrongs, or by the exercise of reasonable diligence, could have prevented said wrongful acts.

41.     Defendants, and each of them, failed, neglected, and refused to prevent or aid in the prevention of said wrongs.

42.     The wrongful acts described in this Complaint hereinabove were committed.

43.     By virtue of the foregoing, Defendants, and each of them, are liable to Plaintiff for damages according to proof for each such wrongful act.

**FIFTH CAUSE OF ACTION**

**42 U.S.C. §1988**

44.     Paragraphs 1 through 43, inclusive of this Complaint are hereby repeated, re-alleged and incorporated by this reference as though fully set forth herein.

45.     To the extent the personal resources of the individual Defendants herein are deficient in the amounts necessary to furnish a suitable remedy to Plaintiff, Defendants, COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT are liable for such deficiency, pursuant of California Government Code §815.2 (a).

## SIXTH CAUSE OF ACTION

### (For Deprivation of Federal Civil Rights)

46.    Paragraphs 1 through 45, inclusive of this Complaint are hereby repeated, re-alleged and incorporated by this reference as though fully set forth herein.

47.    On or about June 27, 2011, beginning at 1136-1/2 West 106th Street, Los Angeles, California, and continuing at other locations described herein below, in the County of Los Angeles, each of the Defendants named in paragraph 12 of this Complaint, while acting under color of state law, as well as in part acting for their own individual purposes, knowingly and intentionally conspired and agreed to, and pursuant thereto, did each deprive Plaintiff of rights secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution; and pursuant to said conspiracy and agreement, each said Defendant, while acting under color of law, as well as in part acting for their own individual purposes, did each knowingly and intentionally, and without a warrant or lawful process, forcibly and violently enter upon and in the premises where this Plaintiff was a guest at 1136-1/2 West 106th Street (hereafter "106th Street"), and thereafter at two other subsequent residential locations.  Each said Defendant, in concert with the other, did thereupon forcibly and violently disrupt and interfere with, and did each cause and permit the forcible and violent disruption and interference with Plaintiff's peace and quiet, and, without a warrant, lawful process, probable cause, provocation, necessity or lawful authority, did proceed to conduct a search of each said premises. While at the 106th Street address, Defendants JESUS URRUTIA ("URRUTIA") and MARK PEREZ ("PEREZ') forcibly entered the residence purportedly to search for an individual named "Adrian Lester".  These two defendant officers knocked on the door of this residence where Delores Harden lived and where Plaintiff was visiting that evening.  At the front door, the deputies asked Ms. Harden whether she knew any "Adrian Lester", and she replied that she did not.  Deputy URRUTIA then suddenly forced the door open and began questioning Plaintiff who was standing behind Ms. Harden in the living room.  Deputies URRUTIA and PEREZ then forcibly pulled Plaintiff out of the residence and onto the porch where his person was searched. While still on the porch, the deputies questioned Plaintiff regarding his parole status, and regarding the possible presence of any weapons.  Plaintiff told the deputies that he was on parole and provided

them with his current address and California Driver's License ("CDL").  Plaintiff further told said

Defendants that he was unaware of the presence of any weapons in the Harden premises and that

they could check with his parole officer to confirm his current address.  The deputies took Plaintiff's

CDL and wallet, which contained his parole officer's card, and also confiscated car keys in his

possession.  Plaintiff was then immediately detained and placed in back of a patrol vehicle.  While

detained in the patrol vehicle, the deputies searched the Harden residence and found nothing.

Nonetheless, Defendants URRUTIA and PEREZ called for backup.  While still at the 106th Street

address, Plaintiff is informed and believes and thereon alleges that Defendants ran his name and

CDL, which showed his correct address at 3838 W. 119th Street in Hawthorne, California.

However, Defendants URRUTIA and PEREZ purposely did conduct a "parole compliance check"

to confirm Plaintiff's current address from Plaintiff's parole officer.  Intent on finding something

for which to arrest Plaintiff, the deputies went to the vehicle Plaintiff was driving and had parked

outside, opened it with the keys they had taken from him, and without permission or probable cause,

searched the vehicle and ran the license plate.  Upon learning that the vehicle was registered to

another individual, URRUTIA, PEREZ and other deputies named in Paragraph 12 of this Complaint,

went to the address of the person to whom the vehicle was registered, and proceeded to conduct a

search of that premises.  When they were unable to find anything that would justify the continuing

detention of Plaintiff, the deputies present, including Defendant Sgt. CALDERARO, forced the

occupant of this premises to disclose to them the location where they could find the registered owner

of the vehicle.  The deputies and supervising deputy Sgt. CALDERARO then proceeded to that

location, and conducted another search without legal cause.  This search revealed the presence of

a firearm, which belonged to the ex-boyfriend of the registered owner of the vehicle.  This firearm

did not belong to Plaintiff and was never in his possession at any time.  Notwithstanding these facts,

Plaintiff was arrested, was booked at the Lennox Station, and was falsely charged with a violation

of California Penal Code §12021 (a) [Possession of a Firearm by a Felon].  At the Lennox Station,

Plaintiff was interrogated further, including by Defendant Detective WHITE, and was then

transported to the Los Angeles County Jail.

//

First Amended Complaint for Damages (Civil Rights)

48.   During the period from June 27, 2011 through February 16, 2012, Plaintiff was falsely imprisoned.  He was unable to post bail because of a "parole hold" until about the first week of February 2012, when the hold was released.  Plaintiff's bail was then set at One Hundred Thousand Dollars ($100,000).  On or about February 15, 2012, Plaintiff was finally able to post bail and was thereafter released from custody.

49.   Plaintiff was confined and imprisoned, without a warrant or lawful process, for approximately eight (8) months at the Los Angeles County Jail, where he was segregated and placed in the high security area of the facility.  As a result of his arrest, Plaintiff was falsely charged with crimes which he did not commit, was denied bail for nearly all of his time in custody based on a parole "no bail" hold, and later was subjected to excessive bail, causing him to spend additional time in custody, without lawful cause.

50.   On or about March 9, 2012, a preliminary hearing was conducted and Plaintiff was held to answer.  He was arraigned on or about March 26, 2012 in the Torrance Superior Court for the County of Los Angeles.

51.   On or about September 7, 2012, following a successful *Pitchess* motion, the false charge and all enhancements against Plaintiff were dismissed pursuant to California Penal Code §1385.  Said dismissal was based on lack of evidence and proof, and not on witnesses.

52.   Because of Plaintiff's wrongful arrest, incarceration, and malicious prosecution, Plaintiff has been continued on parole through the date of filing this action.  Plaintiff has been informed by his parole officer that his parole status will continue until at least December 20, 2013.  On or about June 21, 2011, just six days before Plaintiff's false arrest and imprisonment, Plaintiff's parole officer had submitted documents requesting Plaintiff's release from parole due to his exemplary behavior while on parole.  Thus, the extension of Plaintiff's parole status, including the deprivation of civil rights connected thereto, were directly and proximately caused by the unlawful conduct and conspiracies to act complained of herein.

53.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knew the identity of Plaintiff at or near the time of their initial encounter with him on or about June 27, 2011, and knew that from in or about 1999 through 2002, Plaintiff had been involved in

prior civil rights litigation against the Los Angeles County Sheriff's Department and deputy and supervising officers of the Lennox Station, styled ***Newburn v. County of Los Angeles, et al.,*** U. S. District Court Case No. 99-10085 CM (JWJx).  Defendants knew that Plaintiff was successful in overturning his prior false arrest, imprisonment and malicious prosecution in that action, resulting in an award of damages against the County of Los Angeles, and the implementation of new administrative policies and protocols relating to surveillance practices by the Los Angeles County Sheriff's Department that were enacted in or about October 2002 based on Plaintiff's prior litigation. Based on this background and Defendants' identification of Plaintiff as the person who was involved in the prior litigation against Defendant County of Los Angeles, Los Angeles County Sheriff's Department, Sheriff Lee Baca, and other sheriff's deputies of the Lennox Station, Plaintiff believes that the Defendants, and each of them, conspired to retaliate against Plaintiff by committing the acts and omissions described in this Complaint.

54.   As a direct and proximate cause of the aforesaid acts and omissions and deprivation of Plaintiff's civil rights, Plaintiff suffered damages as hereinabove and hereinafter described.

## SEVENTH CAUSE OF ACTION

**(Claim For Violation of Federal Civil Rights--*Monell* Claim--42 U.S.C. §1983)**

55.   Paragraphs 1 through 54, inclusive of this Complaint, are hereby repeated, re-alleged, and incorporated by reference, as though fully set forth herein.

56.   On or about on or about June 27, 2011 and continuing to the present date, and for some time prior thereto, Defendants, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, Los Angeles County Sheriff LEE BACA, and DOES 41 through 50, inclusive; did each deprive Plaintiff CALVIN NEWBURN of rights, privileges, immunities and liberties secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution, in that said Defendants did each, with reckless indifference and conscious disregard for the security, safety, privacy, liberties and civil rights of Plaintiff, knowingly and willfully adopt, maintain, enforce, and apply a policy, custom, practice, usage and rule which tended and still tends to encourage, permit, authorize, support and ratify the acts and omissions complained of herein on

the part of Los Angeles County Sheriff's Deputies, by:

a)     knowingly and willfully retaining, employing, and failing to adequately train, supervise, control, assign or discipline officers, including Defendants named in paragraph 12 of this Complaint, who, in the exercise of reasonable care, knew or should have known that such Defendants have and then had a disposition and propensity for committing the acts and omissions complained of herein;

b)     knowingly, and in conscious disregard and reckless indifference to the safety, security, and civil rights and liberties of civilian persons, including Plaintiff, maintaining and utilizing grossly inadequate procedures within the Los Angeles County Sheriff's Department for reporting, supervising, investigating, controlling, and reviewing the conduct, such as described in this Complaint, by sworn officers, including the Defendants named in paragraph 12 of this Complaint, and for disciplining officers for such conduct;

c)     knowingly, and in reckless indifference to and conscious disregard of the safety, security, and civil rights and liberties of civilian persons, including Plaintiff, inadequately training officers in the proper and improper investigation, detention, and arrest of persons based on reasonable and probable legal cause;

d)     knowingly, and with conscious disregard of and reckless indifference to the safety, security, civil rights and liberties and privacy of civilians, including Plaintiff, permitting, authorizing, ratifying and supporting Los Angeles County Sheriff's Deputies, including the Defendants named in paragraph 12 of this Complaint, to invade, enter and raid places, including residences, occupied by minorities and persons of color, without a warrant, probable cause, necessity, provocation or lawful authority;

e)     knowingly and intentionally ratifying the unlawful acts and omissions of defendants named in paragraph 12 of this Complaint, herein described and complained of.

57.   By reason of Defendants' enforcement and application of the afore-described policies, practices, usages, customs and rules, Plaintiff was injured and damaged in the manner and to the extent hereinabove and hereinafter described.

//

## DAMAGES

58.   By reason of the afore-described acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental injury, pain, suffering, shock to his nervous system, headaches, anguish, anxiety, fear, humiliation, nightmares, loss/diminution of sleep and appetite, severe emotional distress, nervousness, and depression, all to the damage of Plaintiff in an amount in excess of $500,000.00.

59.   By reason of the afore-described acts and omissions of Defendants, and each of them, Plaintiff did and will in the future require psychological and psychiatric therapy and counseling, medical and pharmaceutical care and treatment; and by reason thereof, Plaintiff did, and will in the future, incur expenses therefor in an amount as proved at trial.

60.   By reason of the afore-described acts and omissions of each Defendant herein, Plaintiff lost, and will in the future lose, earnings and earning capacity in an amount as proved at trial.

## PUNITIVE DAMAGES

61.   The afore-described acts of the Defendants named in paragraph 12 of this Complaint were each done knowingly, intentionally, maliciously, and for the purpose of oppressing, injuring and harassing Plaintiff, in part, at least, on account of his African American ancestry, and with reckless indifference toward and conscious disregard of the safety, security, civil rights and liberties of Plaintiff; and by reason thereof, Plaintiff prays that punitive and exemplary damages be awarded in favor of Plaintiff, against and to be paid by each Defendant named in paragraph 12 of this Complaint, in a sum to adequately punish and deter Defendants from committing acts similar to those as complained of herein in the future.

62.   By reason of the afore-described acts of Defendants, and each of them, Plaintiff was required to and did retain counsel to defend the criminal charges wrongfully and maliciously filed against him; and, by reason thereof, Plaintiff seeks reasonable attorneys fees and compensation for legal services and fees expended and owing for the criminal defense of charges which have been dismissed pursuant to California Penal Code §1385.

//

63.   By reason of the afore-described acts of Defendants and each of them, Plaintiff was required to and did retain counsel to prosecute his federal civil rights claims, and to render assistance to Plaintiff so that he can vindicate the loss and impairment of his constitutional and civil rights and liberties; and by reason thereof, Plaintiff seeks reasonable attorneys fees and compensation for legal services, pursuant to and under Title 42 U.S.C. §1983.

### **PRAYER FOR RELIEF**

Plaintiff prays for judgment from each Defendant as follows:

1.   For general and compensatory damages as to each cause of action, the exact amount of which is to be determined at trial according to proof and in favor of Plaintiff, in the sum of at least $500,000.00.

2.   Psychological and psychiatric counseling and therapy, pharmaceutical and incidental expenses, in an amount according to proof.

3.   Loss of earnings and earning capacity in favor of Plaintiff, in an amount according to proof.

4.   For a determination that Defendants' conduct or omissions to act, as described herein, were either unlawful, and/or also violated Plaintiff's constitutional and state law rights.

5.   Exemplary and punitive damages to be assessed in favor of Plaintiff and against each Defendant named in paragraph 12 of this Complaint.

6.   Costs and expenses of his criminal defense, including attorneys' fees paid and owing by Plaintiff to his criminal counsel.

7.   Costs and expenses of this litigation and incurred to the benefit of this litigation, including reasonable attorneys' fees as provided under and pursuant to Title 42 U.S.C. §1988.

8.   Such other and further relief as the Court may deem just and appropriate.

DATED: April 14, 2014                LAW OFFICES OF VIOLET C. RABAYA

By _____
VIOLET C. RABAYA
Attorneys for Plaintiff

- 20 -
First Amended Complaint for Damages (Civil Rights)

## <u>PLAINTIFF'S JURY DEMAND</u>

Plaintiff hereby demands a trial by jury.


DATED: April 14, 2014                    LAW OFFICES OF VIOLET C. RABAYA



By _____
        VIOLET C. RABAYA
       Attorneys for Plaintiff

FAC/C.Newburn v. COLA: 7.0h

- 21 -

First Amended Complaint for Damages (Civil Rights)

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                               ) ss:
COUNTY OF LOS ANGELES          )

1.      I, the undersigned, am employed in the County of Los Angeles, State of California; I am over the age of eighteen (18) years and not a party to the within action.  My business address is: 1801 Century Park East, 24th Floor, Los Angeles, CA 90067.

2.      On April 15, 2014, I served the foregoing document described as **FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

        **(See attached Service List)**

[**X**]   (By Mail)  I am "readily familiar" with this office's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage fully prepaid at Los Angeles, California following the ordinary business practices of this law firm.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in the affidavit.

[ ]   (By Overnight Delivery)  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above.  I placed the envelope or package for collection and delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[ ]   (By Personal Delivery)  I caused such envelope to be hand-delivered to the above named party(ies) at the address(es) listed.

[ ]   (By Telecopier)  Pursuant to California Rules of Court, Rules 2.301 and 2.306, I transmitted such document(s) by facsimile machine to the offices of the addressee(s).  The transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

[**X**]   (By E-Mail)  I transmitted the foregoing document(s) in PDF format by e-mail to the indicated e-mail address(es) listed.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that above is true and correct.

[**X**]   (Federal)  I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

Executed on April 15, 2014, at Los Angeles, California.


_____
CLARK R. PITTMAN

1

**SERVICE LIST**

2

Re:    **Calvin Newburn vs. County of Los Angeles, et al.**
       **USDC Case No: CV13-5566** (BM/VBKx)

3

4

Rickey Ivie, Esq.
IVIE, McNEILL & WYATT

5

A Professional Law Corporation
CitiGroup Center

6

444 S. Flower Street, 18th Floor
Los Angeles, CA 90071-2901

7

Telephone No.: (213) 489-0028
Facsimile No.:  (213) 489-0552

8

E-mail:  *rivie@imwlaw.com*
Attorneys for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28